IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN T. FIGGINS,

    Plaintiff,

v.                                    NO. 05-10235

ADVANCE AMERICA CASH ADVANCE
CENTERS OF MICHIGAN, INC., and
ADVANCE AMERICA CASH ADVANCE
CENTERS, INC.,

    Defendants.

---

**SUPPLEMENTAL
BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

---

## I. INTRODUCTION

Defendants file this supplemental brief in support of their motion for summary judgment, as requested by the Court at oral argument on May 23, 2006, to address the applicability of *Edgar v. JAC Products, Inc.*, 443 F.3d 501 (6th Cir. 2006) to the instant case. As set forth in more detail below, *Edgar* demonstrates that Defendants are entitled to a judgment as a matter of law with respect to Plaintiff's interference and retaliation claims under the FMLA.

## II. ARGUMENT

**A.    Plaintiff's Interference Claim Under the FMLA Fails As a Matter of Law Because Plaintiff Was Incapable of Returning to Work at the End of the Statutory-Leave Period.**

Plaintiff's interference claim should be dismissed because Plaintiff was incapable of returning to work at the end of the statutory-leave period. As the Sixth Circuit in *Edgar* stated:

1

> Employees invoking the entitlement [interference] theory must prove that their employer interfered with or denied them an FMLA benefit to which they were entitled. This inquiry is an objective one divorced from the employer's motives, with the central question being simply whether the employee was entitled to the FMLA benefits at issue. These benefits are usually the 12 weeks of leave (with continued insurance coverage) and restoration to the employee's previous position or an equivalent one. Both the DOL regulation in question and this court's decision in *Cehrs* establish that this central question <u>must be answered in the negative when the employee is incapable of returning to work, or of performing an essential function of her position, at the end of the statutory-leave period</u>.
> . . .
> In examining the employee's ability to return to work, courts faced with a *Cehrs*-based motion for summary judgment in an entitlement case should consider all of the medical evidence bearing on the employer's ability to timely return. . . .

*Edgar*, 443 F.3d at 511-12 (citations omitted).

Here, all of the medical evidence indicates that Plaintiff was unable to return to work until well after the expiration of Plaintiff's FMLA leave, as calculated by either Plaintiff or Defendants.[1] Specifically, it is undisputed that Plaintiff's doctors did not release Plaintiff to return to work until November 5, 2004. (SOF[2] 27, 35).[3] Thus, the question of whether Plaintiff was entitled to the FMLA benefits at issue "must be answered in the negative." *Edgar*, 443 F.3d at 511-12.

Plaintiff's contention that she "would have returned to work sooner had she known she was protected by the FMLA" (Plaintiff's Brief at 19) is of no consequence to the Court's determination

---

[1] Defendant calculated the remaining leave on the basis of wage and hour records submitted by Plaintiff and maintained by Defendant (Plaintiff was manager of her store). Defendant calculated the remaining leave at seven weeks with an ending date of September 25. Plaintiff alleges that nine weeks remained after August 9, placing the date of termination of FMLA at October 11. This difference is inconsequential to this argument.

[2] "SOF" refers to the Statement of Facts appearing in Defendants' initial brief, which are incorporated herein by reference.

[3] The "Certification of Health Care Provider Medical Leave" form executed by Plaintiff's doctor and cited in SOF 27 is attached hereto as Exhibit 1.

2

of the viability of Plaintiff's interference claim.[4] In *Edgar*, the plaintiff, like Plaintiff here, asserted that her contention that she "would have gone back to work" created a genuine issue of material fact. In holding that such statement did not create a material factual dispute, the Sixth Circuit succinctly stated:

> But these statements demonstrate nothing more than Edgar's belief that she was capable of returning to work and would have been willing to do so had her doctors released her for duty. Even if the dispute as to the accuracy of these statements were resolved in her favor, Edgar still failed to produce competent evidence to rebut the uncontroverted testimony of her doctors. *See Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 463 (6th Cir. 2001).

*Edgar*, 443 F.3d at 514.

In light of the Court's holding in *Edgar*, Plaintiff's reliance on her contention that she would have gone back to work as evidence of a material factual dispute precluding summary judgment is decidedly misplaced. As the Sixth Circuit explained in affirming a grant of summary judgment in another FMLA case, "[i]f, under governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment." *Pharakhone v. Nissan North Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003). As in *Edgar*, Plaintiff's contention here that she would have gone back to work does not create a genuine issue of material fact and is not bar to

---

[4] Plaintiff's purported ignorance of her entitlement to FMLA is not supported by the record. Plaintiff testified that, after she received the letter from Defendants advising that she was not eligible for FMLA leave, she contacted the Department of Labor and decided there was "no way" the leave she requested would not be covered by the FMLA. (SOF 28-30). Despite this fact, Plaintiff did not complain to the Company that she had been deprived of FMLA leave (or for that matter she had been the victim of slurs or that she had been discriminated against on the basis of age, weight or pregnancy), only that her employment had been terminated due to a "personal vendetta," or because she "makes too much money," or because she "used too much insurance money." (SOF 44-46). Plaintiff's failure to complain provides an independent basis for this Court to dismiss all of Plaintiff's claims for unreasonably failing to take advantage of preventative or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher v. Boca Raton*, 524 U.S. 775 (1998).

3

summary judgment. Plaintiff's FMLA interference claim should be dismissed.

**B.      Plaintiff's Retaliation Claim Under the FMLA Fails As a Matter of Law.**

   **1.     Plaintiff Cannot Establish A *Prima Facie* Case of FMLA Retaliation.[5]**

In order to prove a *prima facie* case of FMLA retaliation, Plaintiff must prove that: 1) she availed herself of a protected right under the FMLA, 2) she suffered an adverse employment action, and 3) there was a causal connection between the exercise of her rights under the FMLA and the adverse employment action. *Edgar*, 443 F3d at 508. Here, Plaintiff cannot prove a causal connection between the exercise of her rights under the FMLA and her termination. Since Ms. Rogers' opinion was that Plaintiff's FMLA leave expired by August 9, 2004 (SOF 28-29), it is undisputed that the Company did not believe that Plaintiff had exercised her rights under the FMLA at the time of here termination. As such, Plaintiff simply cannot show any causal connection between Defendants' decision to terminate Plaintiff and the exercise of any rights under the FMLA.

   **2.     Even if Plaintiff Could Establish A *Prima Facie* Case, Her FMLA Retaliation Claim Still Fails As A Matter of Law Because Defendants Have Articulated a Legitimate, Nondiscriminatory Reason for Plaintiff's Termination That Plaintiff Cannot Prove is Pretextual.**

As noted in Defendants' prior briefs, Plaintiff was terminated in accordance with the Company's medical leave policy upon receipt by Deborah LaBeff of a doctor's return to work notice dated November 5, 2004 because there was no position available for Plaintiff at the time. (SOF 36). Plaintiff, however, contends that LaBeff removed Plaintiff from her position as branch manager, "with no plans to place her anywhere else, as soon as she went on leave" in August 2004. (Plaintiff's

---

[5]    The burden-shifting framework established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) for evaluation of Title VII claims also applies to claims for FMLA retaliation. *Joostberns v. United Parcel Service, Inc.*, 166 Fed. Appx. 783 (6th Cir. 2006).

4

Brief at 18). Even if this were the case, it is of no consequence the Court's determination of the viability of Plaintiff's FMLA retaliation claim. In *Edgar*, the Sixth Circuit stated that:

> [I]n retaliation cases where the medical information known to the employer prior to the termination decision shows that the employee could not return to work within 12 weeks, *Cehrs* and the DOL regulation can be invoked by employers as a legitimate, nondiscriminatory reason for discharging an employee, *i.e.*, to rebut the employee's *prima facie* case of discrimination.

*Edgar*, 443 F.3d at 513-14.

Here, it is undisputed that, at the time Plaintiff went out on medical leave in August 2004, Plaintiff's doctor's original request for leave placed Plaintiff's expiration of leave at a point eight (8) weeks beyond her expected due delivery date (September 28, 2004). (SOF 27). This was well after the expiration of Plaintiff's FMLA leave. Thus, even if Defendants had made the employment decision at issue at the time Plaintiff went out on leave, it still had a legitimate non-discriminatory reason for terminating Plaintiff's employment. *Edgar*, 443 F.3d 513-14. Moreover, Plaintiff cannot prove that Defendants' proffered reason was pretextual. Plaintiff's retaliation claim therefore fails.

Respectfully submitted,

LEWIS FISHER HENDERSON
CLAXTON & MULROY, LLP
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone: (901) 767-6160
Facsimile: (901) 767-7411

By: /s/ James R. Mulroy, II
James R. Mulroy II
jrmulroy@lfhc.com

**ATTORNEYS FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2006 I electronically filed the foregoing **SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Glen N. Lenhoff, Esq.
>Robert D. Kent-Bryant, Esq.
>Law Office of Glen N. Lenhoff
>328 South Saginaw Street
>8th Floor, North Building
>Flint, Michigan 48502

/s/ James R. Mulroy, II